# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**CRUZ M. MENDEZ GARCIA,**

   **Appellant-Debtor,**

   vs.

**RUSHMORE LOAN MANAGEMENT SERVICES as service agent of Roosevelt Cayman Asset Company,**

   **Appellee-Creditor.**

**Civil No. 17-2345 (ADC)**

## OPINION AND ORDER

Before the Court is a notice of appeal and statement of election of the U.S. District Court of Puerto Rico ("the Court") by Cruz M. Méndez-García ("appellant-debtor"), a bankruptcy petitioner under Chapter 13 of the Bankruptcy Code, Case No. 15-10374 (BKT), **ECF No. 1**. Appellant-debtor requests this Court to review and reverse an Opinion and Order by the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") denying appellant-debtor-debtor's motion for reconsideration of the Order granting Rushmore Loan Management Services as service agent of Roosevelt Cayman Asset Company's ("appellee-creditor") objection to appellant-debtor's claim of exemption under the Puerto Rico Home Protection Act of 2011, as amended, PR Laws Ann. tit. 31, § 1858-1858k ("Puerto Rico Home Protection Act"). **ECF No. 1-2**. Appellant-debtor and appellee-creditor opportunely filed their corresponding briefs before this Court. **ECF Nos. 6, 7, 10**. After thoroughly considering the parties' briefs and the record on

appeal, the Court **REVERSES** the Bankruptcy Court's Opinion and Order in question, **ECF No. 1-2**, for the reasons discussed below.

## I. Factual and procedural background

On April 5, 2004, appellant-debtor acquired a residential property located in Canóvanas, Puerto Rico (the "residential property"), through a deed of sale executed before a Notary Public (the "purchase deed"). **ECF No. 6-1** at 17. On November 23, 2004, the purchase deed was presented to the corresponding section of the Property Registry of Puerto Rico for recordation. *Id*. However, the Notary Public did not perform corrections in the purchase deed that were required by said agency for its recordation. *Id*. at 46.[1] Appellant-debtor subsequently withdrew the purchase deed, and it has remained unrecorded with the Property Registry of Puerto Rico. *Id.* at 1-2, 17.

On July 15, 2005, appellant-debtor executed a mortgage deed before a Notary Public as guarantee in favor of mortgagee Sana Investment Mortgage Bankers, Inc. *Id.* at 17. Appellee-creditor is "the current holder of Sana's interests in said [m]ortgage [d]eed." *Id*. The mortgage deed was presented to the corresponding section of the Property Registry of Puerto Rico for recordation on August 2, 2005, and it was recorded pursuant to Act No. 216 of December 27, 2010, P.R. Laws Ann. tit. 30, § 1821 ("Act No. 216"). *Id*. The statute provides that "all documents presented as of April 30, 2010, with enumerated exceptions, are deemed re[corded] as a matter

---

[1] The record indicates that the executing Notary Public, attorney Frank Rodríguez-Calderón, "no longer practices law; he has been disbarred." **ECF No. 6-1** at 48-49.

of law." *ACM Penfield LLC, v. Jolley-Talley*, 13-cv-1729 (SEC), 2016 WL 715761 at *1 (D.P.R. 2013) (not reported in F. Supp.3d). Act No. 216 "creates, in essence, a rebuttable presumption of valid recordation." *In Re Ramos*, 493 B.R. 355, 368 (Bankr. D.P.R. 2013).

On December 11, 2015, the appellant-debtor executed before a Notary Public a sworn statement and a notarial act declaring the Puerto Rico homestead exemption as to the residential property. **ECF No. 4-2** at 37, 44-47. Appellant-debtor submitted the notarial act before the Property Registry of Puerto Rico for recordation. *Id*. As fully discussed below, under the Puerto Rico Home Protection Act, "the homesteader's principal residence is protected from creditors' enforcement of civil judgments against his home. However, this protection does not extend to claims from mortgagees, state and federal tax authorities, eligible contractors, or other state and federal entities specified therein." *In re Nazario*, 533 B.R. 1, 4 (Bankr. D.P.R. 2015); PR Laws Ann. tit. 31, § 1858-1858k.

On December 30, 2015, appellant-debtor filed a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. **ECF No. 1-3** at 2.[2] As part of the bankruptcy filings, appellant-debtor presented an exemptions schedule (amended Schedule C) on February 18, 2016, which included the homestead exemption as to the residential property pursuant to the Puerto Rico Home Protection Act. **ECF Nos. 1-3** at 6; **6-1** at 48.

---

[2] The record reveals that appellant-debtor had filed two previous bankruptcy petitions under Chapter 13 that the Bankruptcy Court dismissed for failure to make payments to the Chapter 13 Trustee. **ECF No. 6-1** at 47-48.

On April 8, 2016, appellee-creditor filed a claim as a secured creditor in the bankruptcy proceedings regarding the mortgage executed over appellant-debtor's residential property. **ECF No. 6-1** at 48. On May 10, 2016, appellant-debtor filed an adversary case in the bankruptcy proceedings challenging the secured nature of appellee-creditor's claim regarding the mortgage debt in question. *Id*. On March 9, 2017, the Bankruptcy Court issued an Opinion and Order holding that even though the mortgage deed had been recorded at the Property of Registry of Puerto Rico pursuant to Act No. 216, the purchase deed had not been recorded due to the uncorrected defects mentioned above, for which appellant-debtor had not been registered as the owner of the residential property. *Id.* at 16-24. Thus, the Bankruptcy Court concluded that since "there [was] a missing link in the successive chain of title, the mortgage deed [ecumbering that property] is . . . invalid, thus making the lien void, and turning the obligation into an unsecured personal one." *Id.* at 21 (citing *Roig Commercial Bank v. Dueño*, 617 F. Supp. 913, 915 (D.P.R. 1985)).

On March 24, 2017, appellee-creditor filed before the Bankruptcy Court an Objection to Claimed Exemption. *Id.* at 1-12. In essence, appellee-creditor argued that "since [appellant-]debtor is not the registered owner as per the Registry of the Property, she should not be able to claim the state law exemptions," particularly the homestead exemption over appellant-debtor's residential property under the Puerto Rico Home Protection Act. *Id*. at 2-3. Appellee-creditor also averred that its objection was timely filed pursuant to Federal Rule of Bankruptcy Procedure 4003(b) ("Rule 4003(b)") as interpreted in *Schwab v. Reilly*, 560 U.S. 770 (2010).

The Bankruptcy Court granted as unopposed appellee-creditor's objection to appellant-debtor's claimed exemption under the Puerto Rico Home Protection Act, and appellant-debtor filed a motion for reconsideration. **ECF No. 4-1** at 29-49. Appellant-debtor contended that appellee-creditor's objection to the declaration of homestead exemption was tardy. *Id*. at 31-34. Specifically, "[appellee-creditor] had the time prescribed by [Rule 4003(b)[3]] to object to [appellant-]debtor's claimed exemption. Instead, [appellee-]creditor waited until the outcome of the adversary proceeding to object when the basis for the objection is the lack of chain in titleholders, present since the beginning of the case." *Id*. at 37. Conversely, appellee-creditor contends that pursuant to *Schwab*, 560 U.S. at 770, the term provided under the aforementioned bankruptcy procedural rule to object to a debtor's exemption did not apply to appellant-debtor's claimed exemption under the Puerto Rico Home Protection Act. **ECF No. 10** at 8-9. Under *Schwab*, 560 U.S. at 770, "the time limits for objection to homestead exemption do not apply if the claimed exemption is valid on its face." *In re Massey*, 465 B.R. 720, 726 (1st Cir. BAP 2012).

Moreover, appellant-debtor argued in her motion to reconsider that her claim for homestead exemption is valid insofar as the purchase deed established her as the legal owner of the residential property, even though appellant-debtor's title as owner had not been registered with the Property Registry of Puerto Rico. **ECF No. 4-1** at 34-38. Specifically, she asserted that

> [t]he Puerto Rico Home Protection Act does not require successive chain of ownership for [appellant-debtor] to be able to claim the [homestead] exemption. It

---

[3] Generally, under Federal Rule of Bankruptcy Procedure 4003(b)(1), "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."

> only requires for [appellant-debtor] to be the owner and . . . to use the property as its main residence. Thus, [appellee-creditor] is incorrect in trying to apply the lack of successive chain of ownership doctrine because Article 17[4] is strictly directed to instances where dominion or other real rights are being declared, conveyed, encumbered, modified, extinguished, or real rights on real property are being affected.

*Id*. at 36.

On November 16, 2017, the Bankruptcy Court issued an Opinion and Order denying appellant-debtor's motion for reconsideration, holding that appellant-debtor could not claim the homestead exemption under Puerto Rico law. **ECF No. 1-2**. Specifically, the Bankruptcy Court held that "[c]urrently, the titular registrant [with the Property Registry of Puerto Rico] of the real property in question is . . . not [appellant-debtor]," and that "[t]he titular registrant must be the individual claiming the homestead protection." **ECF No. 1-2** at 4-5.[5] On December 5, 2017, appellant-debtor opportunely filed a notice of appeal before this Court challenging the Bankruptcy Court's Opinion and Order denying appellant-debtor's motion for reconsideration, and the parties filed their corresponding briefs thereafter. **ECF Nos. 1, 4, 6, 7, 10**.

## II. Standard of Review

On appeal from the bankruptcy court, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013; 28 U.S.C § 158. District courts review a bankruptcy court's

---

[4] Appellant-debtor refers to Article 17 of the Puerto Rico Mortgage Act, as amended, P.R. Laws Ann. tit. 30, § 6032.
[5] In the November 16, 2017 Opinion and Order, the Bankruptcy Court did not address the issue of the timeliness of appellee-creditor's objection to the homestead exemption.

findings of fact under the "clearly erroneous" standard and its conclusions of law under de novo review. *Brandt v. Repco Printers & Lithographics, Inc.* (*In re Healthco Int'l, Inc.*), 132 F.3d 104, 108 (1st Cir. 1997). Specifically, if the issue on appeal is essentially one of statutory interpretation, the court shall review the issue de novo. *In re San Miguel Sandoval*, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995)). For instance, a bankruptcy court's disallowance of an exemption is generally subject to de novo review. *In re Massey*, 465 B.R. at 723.

Additionally, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." *In re San Miguel Sandoval*, 327 B.R. at 506 (quoting 9E Am. Jur. 2d Bankruptcy § 3512 (2004)). "'Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.'" *Perry v. Warner* (*In re Warner*), 247 B.R. 24, 25 (1st Cir. BAP 2000) (quoting *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co.*, 864 F.2d 927, 929 (1st Cir.1988)). In light of the above, the Court in the instant case reviews for abuse of discretion appellant-debtor's challenge regarding the timeliness of the filing of appellee-creditor's objections to the homestead exemption. Moreover, the Court reviews de novo the Bankruptcy Court's granting of appellee-creditor's objection to appellant-debtor's claim for the homestead exemption.

The instant matter on appeal concerns the denial by the Bankruptcy Court of appellant-debtor's motion to reconsider. **ECF No. 1-2**. Thus, in addition to the standards summarized above, the Court shall evaluate the order being appealed pursuant to Federal Rule of Bankruptcy Procedure 9023 ("Rule 9023") and Federal Rule of Civil Procedure 59 ("Rule 59"). *In re Sonera*, 14-03925 BKT, 2015 WL 4464502 at *2 (Bankr. D.P.R. July 21, 2015) (Slip Copy). Under Rule 9023, "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Furthermore, pursuant to Rule 59, a party seeking reconsideration "must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" *Marie v. Allied Home Mortgage Corp.,* 402 F.3d 1, 7 n. 2 (1st Cir. 2005) (quoting *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). In *Marie,* the First Circuit noted four grounds under which for granting a Rule 59 motion for reconsideration may be granted: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." 402 F.3d at 7 n. 2 (citing Charles Alan Wright et al., 11C Federal Practice & Procedure § 2810.1 (2d ed. 1995)). A reconsideration of a judgment under Rule 59 is directed at allowing a court to correct its own errors. *Aybar v. Crispín-Reyes*, 118 F.3d 10, 15 (1st Cir. 1997).

### III.    Discussion

Appellant-debtor brings forth two main arguments: (i) abuse of discretion by the Bankruptcy Court in considering appellee-creditor's objection to appellant-debtor's claim of the homestead exemption, even though appellee-creditor's objections were tardy; and (ii) erroneous

application and interpretation of law as to appellant-debtor's claim of the homestead exemption. **ECF Nos. 4-1, 6**. Appelle opposes. **ECF No. 10**.

**1- The Bankruptcy Court did not abuse its discretion in entertaining appellee-creditor's objection to appellant-debtor's claim for the homestead exemption.**

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate subject to the debtor's right to reclaim certain property as exempt under applicable law. 11 U.S.C. §§ 522, 541, *In Re Colón*, 525 B.R. 1, 2 (Bankr. D.P.R. 2015). In Puerto Rico, among the exemptions that may be claimed is the homestead exemption over a debtor's principal residential property under the Puerto Rico Home Protection Act. Exempt property will be excluded from the bankruptcy estate unless a party in interest objects. 11 U.S.C. § 522(l); *see Schwab*, 560 U.S. at 770. A creditor generally shall file objections to a debtor's claimed exemptions under the thirty-day term provided under Rule 4003(b). However, said term to object does not apply if a claimed exemption is valid from the face of the debtor's pertinent filings. *Id.*, *In re Massey*, 465 B.R. at 726.

As summarized above, the appellant-debtor declared the Puerto Rico homestead exemption in a notarial act and a sworn statement prior to filing the ongoing bankruptcy petition. She then filed an amended Schedule C in the bankruptcy proceedings including said exemption. Subsequently, appellee-creditor filed a claim as secured creditor in the bankruptcy proceedings as to the mortgage that encumbered the residential property. Appellant-debtor then initiated adversary proceedings against appellee-creditor, disputing the latter's secured creditor

status. The Bankruptcy Court declared appellee-creditor's claim as unsecured due to the lack of successive chain of ownership title at the Property Registry of Puerto Rico, rendering the mortgage lien void.

Generally, the homestead protection "does not extend to claims from mortgagees, state and federal tax authorities, eligible contractors, or other state and federal entities specified [in the Puerto Rico Home Protection Act]." *In re Nazario*, 533 B.R. at 4; P.R. Laws Ann., Tit. 31 § 1858a. In that respect, according to appellee-creditor, "as of . . . the time when [d]ebtor filed her amended Schedule C, [appellee-creditor] had a recorded lien senior to any homestead claim the Debtor may have had. Accordingly, neither appellee-creditor nor the Chapter 13 trustee were in need of filing an objection" at that time. **ECF No. 6-1** at 50.

In light of the above, the Court holds that appellant-debtor's claim of homestead exemption seemed valid on its face when she claimed it in the bankruptcy proceedings by means of an amended Schedule C, for which appellee-creditor was not bound by the 30-day term to file an objection under Rule 4003(b). *See Schwab*, 560 U.S. at 770; *In re Massey*, 465 B.R. at 726. The objection in question was prompted by appellee-creditor's subsequent loss of its secured-creditor status upon the Bankruptcy Court's order in the adversary proceedings initiated by appellant-debtor. As such, the Bankruptcy Court did not abuse its discretion by entertaining appellee-creditor's objection to appellant-debtor's claim of homestead exemption.

**2- The Bankruptcy Court erred in its interpretation of applicable law when it denied appellant-debtor's motion to reconsider**.

Even though the Bankruptcy Court did not abuse its discretion by entertaining appellee-creditor's objection to appellant-debtor's Puerto Rico homestead exemption, it reached an erroneous legal conclusion when adjudicating the substantive legal controversy at hand, thus warranting reversal. In essence, the Bankruptcy Court held that appellant-debtor could not claim the Puerto Rico homestead exemption because appellant-debtor did not appear as the title owner with the Property Registry of Puerto Rico, even though she is the legal owner of the residential property by virtue of a purchase deed. **ECF No. 1-2**.

"A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors." *In re Nazario*, 533 B.R. at 4 (citations and internal quotation marks omitted). When construing state-law exemptions, a state's rules must be followed. *Id*. at 5. "In Puerto Rico, exemptions are construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker. Questions of applicability of a Puerto Rico exemption must be resolved in favor of the exemption." *In re López*, No. 12-09126 (ESL) (Bankr. D.P.R. 2013), 2013 WL 3490920 at *3 (not reported in B.R.) (citing *Laguna v. Quiñones*, 23 P.R. R. 358, 360–361, 23 D.P.R. 386, 389 (1916); *Marty Pérez v. Ramírez Cuerda*, 75 P.R.R. 808, 814, 75 D.P.R. 858, 864 (1954)); *see Caron v. Farmington Nat'l Bank* (*In re Caron*), 82 F.3d 7, 10 (1st. Cir. 1996) (federal courts are required to interpret exemption laws liberally in a debtor's favor "to reflect their remedial purposes").

As summarized above, the exemption object of the appeal at hand is under the Puerto Rico Home Protection Act. PR Laws Ann. tit. 31, § 1858-1858k. It was amended in 2012 "to clarify that the intent of the Puerto Rico Legislature is to provide the broadest protection to the homes or principal residences of the residents of Puerto Rico and their families in bankruptcy proceedings." *In re Hernández*, 487 B.R. 353, 356 (Bankr. D.P.R. 2013). A bankruptcy debtor who wishes to properly claim the Puerto Rico Home Protection Act exemption must comply with the requirements of said law as of the date of the filing of the bankruptcy petition. *Id. at* 365. A review of the Puerto Rico Home Protection Act reveals a "less than artful construction" that requires a careful analysis of that statute "as a harmonious whole, with its various parts being interpreted within their broader statutory context in the manner that furthers statutory purposes." *Id*. at 362, 367.

Article 3 of the Puerto Rico Home Protection Act establishes the two essential requirements for an individual's entitlement to the Puerto Rico homestead right: (1) ownership of the property over which the homestead right is being claimed; and (2) that it be occupied as the principal residence by the individual claimant or his/her family. 31 P.R. Laws Ann. § 1858; *see In re Nazario*, 533 B.R. at 4; *In re Hernández*, 487 B.R. at 357; *Rivera García v. Registradora*, 189 P.R. Dec. 628, 636-637 (2013). The legislative intent of bestowing importance and security to the homestead right is reflected in Article 4, which provides that "[t]he homestead right shall not be waived[,] and any agreement to the contrary shall be declared null." 31 P.R. Laws Ann. § 1858a. That article lists exceptions to the homestead protection, including "all cases in which the

protected property is [a] pledge for a mortgage." *Id*. Article 5 establishes the extent of the legal protection under the homestead right, while Articles 6, 7 and 8 provide that under certain circumstances, homestead rights shall continue after death, abandonment or divorce, and in cases of leasing or sale of the property. *Id.* at §§ 1858b-1858e.

Article 9 provides two ways in which property owners can assert their homestead right in certain cases: (i) by declaring it in the purchase deed upon acquisition of the property; or (ii) if the property has already been recorded with the Property Registry of Puerto Rico in the name of the homestead claimant, by "executing a declaration before a notary public stating that the parcel is covered by homestead protection." *Id.* at § 1858f. Neither of these instances are applicable in this case, since appellant-debtor purchased the residential property in 2004, whereas the Puerto Rico Home Protection Act object of this Opinion and Order was enacted in 2011 and amended in 2012. *Id*. at § 1858. Additionally, the residential property has not been recorded with the Property Registry of Puerto Rico in appellant-debtor's name, as summarized above.

Article 9 further establishes that "[i]nsofar as [a] property has been declared a homestead, the Property Registrar shall be required to make a notation stating that the property was so declared by its owner. Such declarations or notations shall only constitute prima facie evidence of the homestead right of such property." *Id*. at § 1858f. Accordingly, the recordation mandate included in Article 9 is directed at the Property Registry of Puerto Rico regarding notarial acts declaring homestead rights that titular registrants may present in order to secure legal rights

over real property before third parties. *Id*. at §§ 1858f, 1871-1872; *see Marín v. Montijo*, 109 P.R. Dec. 268, 272 (1979); 9 P.R. Offic. Trans. 351, 355-356. As such, Article 9 does not entail a recordation requirement directed at homestead claimants upon which the validity of a homestead rights declaration depends. *See id*.

Article 10 establishes a criminal penalty for the unlawful recording of a homestead right, while Article 11 provides that "[t]he fact that a parcel has not been registered in the Property Registry of Puerto Rico, or that the declaration of homestead has not been filed with or entered in the Property Registry, shall in no way impair the owner's homestead right thereon, provided that such right has been timely claimed as provided in [Article 12]." 31 P.R. Laws Ann. §§ 1858g-1858h.

Article 12 indicates the procedural requirements for a judicial claim of homestead rights when the claimant is faced with a foreclosure, garnishment, or other pre-judgment remedy against the homestead property. *Id.* at § 1858i. Additionally, Article 12 states that "[n]o rural or urban parcel shall be sold by virtue of judgment or foreclosure if it has been claimed to be or held as homestead, whether or not it has been registered as such in the Property Registry, unless any of the exemptions in [Article 4] applies." *Id*. Finally, Articles 13 and 14 provide that the filing of homestead declarations before the Property Registry of Puerto Rico is exempted from fees, and that the Office of Notarial Inspection shall inform the legal community of the homestead rights law. *Id.* at §§ 1858j-1858k.

In light of the above, the Court holds that contrary to the Bankruptcy Court's conclusion in the instant case, the Puerto Rico Home Protection Act does not require that a homestead claimant's ownership title of a property be registered with the Property Registry of Puerto Rico in order for the claimant to declare a homestead right over that property. On the contrary, the essential requirements are the legal ownership of the property being claimed as a homestead, and that the property claimed as a homestead be the claimant's principal residence or that of his/her family. *Id*. at § 1858; *In re Nazario*, 533 B.R. at 4. Importantly, under Puerto Rico law, the existence or validity of legal ownership over real property does not depend on the owner's title being registered in the Property Registry of Puerto Rico. Specifically,

> [i]t is a well-known fact that, except for a mortgage title, art. 1774 of the Civil Code, or a title subject to the provisions of the Horizontal Property Act, 31 L.P.R.A. § 1291, the recording with the Registrar of Property is merely declarative and it is not a source of rights. *See Goenaga v. O'Neill de Milán*, 85 P.R.R. 162, 196 (1962); *Baldrich v. Registrar*, 77 P.R.R. 700, 705 (1954). The recording with the Registry is not a way of acquiring an interest on property, but of securing legally those rights already existing through publication in the registry. *Goenaga v. O'Neill de Milán, supra; see Jiménez v. Alvarez*, 69 P.R.R. 299, 308 (1948). Save for the two exceptions already mentioned,[6] in our jurisdiction property rights are constituted, conveyed, modified and extinguished pursuant to the provisions of the Civil Code and other applicable substantive laws.

*Marín*, 109 P.R. Dec. at 272; 9 P.R. Offic. Trans. at 355-356. For that reason and in light of the chronic recordation backlog at the Property Registry of Puerto Rico, "Article 11 of the [ ] Home Protection Act precisely addresses situations where the homestead right is claimed on a residence that is not registered at the Property Registry or where the express declaration of

---

[6] The exceptions are titles subject to the Horizontal Property Act and mortgages. 31 P.R. Laws Ann. §§ 1291, 5042.

homestead has not been annotated or entered at the Property Registry." *In re Hernández*, 487 B.R. at 366; 31 P.R. Laws Ann. § 1858i.

In sum, appellant-debtor's right to the homestead claim is predicated on her legal ownership of the residential property and it being her principal residence or that of her family. 31 P.R. Laws Ann. § 1858; *see In re Nazario*, 533 B.R. at 4; *Rivera García*, 189 P.R. Dec. at 636-637. Her ownership of that residential property is established by a purchase deed pursuant to the Puerto Rico Civil Code. 31 P.R. Laws Ann. § 3453; *see Marín*, 109 P.R. Dec. at 272, 9 P.R. Offic. Trans at 355-356. Since the purchase deed was not recorded with the Property Registry of Puerto Rico, appellant-debtor is not the titular registrant of the residential property, but she is its legal owner nonetheless. 31 P.R. Laws Ann. §§ 3453, 1871-1872; *see In re Hernández*, 487 B.R. at 366; *Marín*, 109 P.R. Dec. at 272; 9 P.R. Offic. Trans. at 355-356. Furthermore, prior to the filing for bankruptcy in the ongoing case, appellant-debtor asserted her claim of Puerto Rico homestead rights over her residential property by means of a notarial act and a sworn statement before a Notary Public addressing the pertinent factors under the Puerto Rico Home Protection Act. **ECF No. 4-1** at 40-47.[7]

---

[7] The Court could not and did not consider the content of the notarial act, inasmuch as appellant-debtor did not provide a certified English translation of the same, as required under Local Civ. R. No. 5(g); *see Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 27 (1st Cir. 2011). Nonetheless, as summarized above, it is uncontested that appellant-debtor executed a notarial act and a sworn statement asserting the homestead rights prior to the filing of the ongoing bankruptcy case. Furthermore, the notarized sworn statement is in both English and Spanish, and the Court considered its content. **ECF No. 4-1** at 44-48.

### IV.　Conclusion

The Bankruptcy Court did not abuse its discretion in entertaining appellee-creditor's objections to appellant-debtor's claim for exemption. **ECF Nos. 1-2, 4-1** at 29-49. However, the Bankruptcy Court's denial of appellant-debtor's motion to reconsider is based on an erroneous interpretation of the legal precepts applicable to Puerto Rico homestead rights, as discussed above. The fact that appellant-debtor's title as legal owner of the residential property is not recorded with the Property Registry of Puerto Rico does not preclude her from claiming the Puerto Rico homestead exemption. The Bankruptcy Court erred in concluding otherwise. Thus, the Court hereby **REVERSES** the Bankruptcy Court's ruling at **ECF No. 1-2**. Moreover, the case is **REMANDED** to the Bankruptcy Court for proceedings consistent with this ruling.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of September, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　**S/AIDA M. DELGADO-COLÓN**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**